[Cite as *State v. Jones*, 2019-Ohio-2250.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-119 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-55 |
| | : | |
| TIMOTHY JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of June, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

TIMOTHY JONES, #667-311, P.O. Box 69, London, Ohio 43140
  Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Timothy Jones, pro se, appeals from a judgment of the Clark County Court of Common Pleas, which overruled his petition for postconviction relief/motion to vacate or set aside sentence. Jones filed a timely notice of appeal on November 15, 2018.

{¶ 2} In August 2012, a jury found Jones guilty of two counts of aggravated murder and one count of having a weapon under disability. Each count of aggravated murder was accompanied by a firearm specification. Jones was sentenced to life in prison without the possibility of parole on each of the aggravated murder counts, to three years on the firearm specification, and to three years on the single count of having a weapon under disability. The trial court ordered the sentences for aggravated murder and the firearm specification to run consecutively to each other, and the sentence for the weapon under disability count to run concurrently to the life sentences. The trial court also ordered Jones to pay court costs and attorney's fees.

{¶ 3} Jones filed a direct appeal. In *State v. Jones*, 2d Dist. Clark No. 2012 CA 61, 2013-Ohio-4820 (hereinafter "*Jones I*"), decided on November 1, 2013, we reversed that portion of the trial court's judgment imposing consecutive sentences, as well as the imposition of court costs and attorney's fees, and remanded the matter for resentencing; we affirmed the trial court's judgment in all other respects.

{¶ 4} On November 6, 2013, the trial court issued a "supplement" to its sentencing entry which purported to address the lack of findings to support the imposition of consecutive sentences. In 2015, Jones filed a federal habeas petition which was ultimately denied. *See Jones v. Warden, Ross Correctional Inst.*, S.D.Ohio No. 3:15-cv-164 (March 31, 2016). Thereafter, Jones filed a motion for a delayed appeal of the

district court's ruling and a motion for relief pursuant to Fed.R.Civ.P. 60(b). Neither motion was successful. *See Jones v. Hooks*, 6th Cir. No. 16-3798 (September 21, 2016); *Jones v. Warden, Ross Correctional Inst.*, 6th Cir. No. 17-3518 (December 4, 2017).

{¶ 5} On January 29, 2018, the trial court held a resentencing hearing for Jones in light of our opinion in *Jones I*. The trial court provided no reason for the delay in complying with our remand. Mirroring the original sentence, the trial court imposed two life sentences, accompanied by one three-year firearm specification. The trial court also ordered those sentences be served consecutively. The trial court made the appropriate findings in support of consecutive sentences. The trial court also ordered Jones to serve a three-year prison term for his conviction for having a weapon under disability, which was to be served concurrently to the other sentences. The trial court did not order Jones to pay court costs or attorney's fees.

{¶ 6} Pertinent to the instant appeal, on October 17, 2018, Jones filed a petition for postconviction relief/motion to vacate or set aside sentence. On October 23, 2018, the trial court overruled Jones's petition for postconviction relief/motion to vacate or set aside sentence without a hearing, finding that his claims were barred by res judicata.

{¶ 7} It is from this judgment that Jones now appeals.

{¶ 8} Because they are interrelated, Jones's first and third assignments of error will be discussed together:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN VIOLATION OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW IN SUMMARILY DISMISSING HIS PETITION FOR POSTCONVICTION RELIEF SUA SPONTE ON RES

JUDICATA GROUNDS.

IT WAS PLAIN ERROR FOR THE TRIAL COURT NOT TO ORDER AN EVIDENTIARY HEARING AND GRANT APPELLANT RELIEF IN VIOLATION OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY ARTICLE I, §16, OHIO CONSTITUTION AS WELL AS THE 14TH AMENDMENT, U.S. CONSTITUTION.

{¶ 9} In his first assignment, Jones argues that he received ineffective assistance of counsel because his trial counsel failed to file a pretrial motion to suppress evidence seized as a result of a search warrant.   In his third assignment, Jones argues that his conviction and sentence were "entirely void" because "he was tried without the assistance of legal counsel and no valid waiver [of counsel] was executed."   In light of these arguments, Jones contends that the trial court erred when it overruled his petition for postconviction relief/motion to vacate or set aside sentence without a hearing.

{¶ 10} R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."   The statute further provides that the "petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."   "We review trial court decisions on petitions for post-conviction relief under an abuse of discretion standard." (Citations omitted.) *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27.   "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." (Citation

omitted.) *State v. Howard*, 2d Dist. Montgomery No. 26060, 2014-Ohio-4602, ¶ 8.

{¶ **11**} R.C. 2953.21(C) provides:

The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

{¶ **12**} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *see also State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. To prevail on a petition for postconviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ **13**} The postconviction relief statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in addressing a petition for postconviction relief, a trial court plays a gatekeeping role as to

whether a defendant will receive a hearing. *Gondor* at ¶ 51.   A trial court may dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶ 51.

{¶ 14} Initially, we note that Jones failed to attach to his petition for postconviction relief any supporting affidavits and/or other documentary evidence in support of his claims for relief.   More importantly, Jones's argument is barred by res judicata because he was required to raise the above arguments during his direct appeal. *See State v. Reid*, 2d Dist. Montgomery No. 25790, 2014-Ohio-1282, ¶ 7-9. In *Reid*, we stated the following:

"Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).   Moreover, "[a]rguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal." *State v. Simons*, 2d Dist. Champaign No. 2013 CA 5, 2013-Ohio-3654, ¶ 42, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. (Other citation omitted.)   In other words, "defendants with a voidable sentence are entitled to re-sentencing only upon a successful challenge on direct appeal." *Id.* at ¶ 40, quoting *State v.*

*Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

*Reid* at ¶ 7.

{¶ 15} As previously noted, Jones has failed to produce any additional evidence from outside of the record in support of his claims that he was denied the effective assistance of counsel and that he was tried and convicted without the benefit of counsel with no proper waiver executed.   Upon review, we therefore conclude that Jones's claims are barred by res judicata.   Accordingly, the trial court did not err when it overruled Jones's petition for postconviction relief/motion to vacate or set aside sentence.

{¶ 16} Jones's first and third assignments of error are overruled.

{¶ 17} Jones's second assignment of error is as follows:

IT WAS PLAIN ERROR FOR THE TRIAL COURT TO GRANT THE STATE OF OHIO A SUMMARY JUDGMENT IN VIOLATION OF THE DEFENDANT-APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY ARTICLE I, §16, OHIO CONSTITUTION AS WELL AS THE 14TH AMENDMENT, UNITED STATES CONSTITUTION.

{¶ 18} In his second assignment, Jones argues that the trial court erred when it granted summary judgment to the State regarding Jones's claims as set forth in his petition for postconviction relief/motion to vacate or set aside sentence.

{¶ 19} Having reviewed the record before us, we find that no motion for summary judgment was ever filed by the State the instant case; if said motion was never filed, it follows the trial court could not and did not grant summary judgment against Jones pursuant to a motion filed by the State.   Rather, the trial court decided the petition on the

merits, having concluded that an evidentiary hearing was not required. Accordingly, there is no basis for Jones's argument, and we need not address it any further.

{¶ 20} Jones's second assignment of error is overruled.

{¶ 21} All of Jones's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Timothy Jones
Hon. Douglas M. Rastatter