[Cite as *State v. Crossley*, 2020-Ohio-6640.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-10 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-446 |
| | : | and 2018-CR-601 |
| VON CROSSLEY | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 11th day of December, 2020.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

VON CROSSLEY, Inmate No. 748-992, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Von Crossley, appeals pro se from the judgment of the Clark County Court of Common Pleas denying his petition for post-conviction relief. For the reasons outlined below, the judgment of the trial court will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.

**Facts and Course of Proceedings**

{¶ 2} Following a June 28, 2018 traffic stop, Crossley was indicted on multiple weapon and drug offenses in Clark C.P. Nos. 2018-CR-446 and 2018-CR-530. In Case No. 2018-CR-446, Crossley was charged with single counts of carrying a concealed weapon in violation of R.C. 2923.12, improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), and receiving stolen property in violation of R.C. 2913.51(A). The charge for receiving stolen property also included a firearm specification. In Case No. 2018-CR-530, Crossley was charged with aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and aggravated possession of drugs in violation of R.C. 2925.11(A). Both of those charges also carried a firearm specification.

{¶ 3} On August 8, 2018, Crossley filed a motion to suppress. A hearing on the motion was scheduled for September 14, 2018. However, before the suppression hearing began, the trial court arraigned Crossley in Clark C.P. No. 2018-CR-601, which was filed to add a forfeiture specification to the already existing indictment in Case No. 2018-CR-530. Therefore, the charges in Case No. 2018-CR-601 were the same as in Case No. 2018-CR-530; the only difference was the inclusion of the forfeiture specification.

{¶ 4} Crossley's suppression hearing commenced as scheduled. During the

suppression hearing, three police officers testified and described the facts of the traffic stop in question. After a need for additional testimony was revealed, the trial court continued the hearing in order to let the defense subpoena more police officers. The suppression hearing was never reconvened, however, because Crossley entered a plea agreement and pled guilty to all the charges in both cases. In exchange for Crossley's guilty plea, the State agreed to dismiss the charges in Case No. 2018-CR-530 and to not bring additional proceedings related to a search warrant that had been executed at Crossley's home on August 18, 2018. The State also agreed to a presentence investigation being conducted for purposes of sentencing. Crossley further agreed to forfeit $195 in U.S. currency.

{¶ 5} At Crossley's plea hearing, the trial court conducted a Crim.R. 11 plea colloquy. The trial court also advised Crossley that it was not going to merge the carrying a concealed weapon and improperly handling firearms in a motor vehicle offenses, based on this court's decision in *State v. Walker*, 2d Dist. Montgomery No. 23302, 2010-Ohio-2125. The trial court, however, advised counsel that the court would accept additional research on the merger issue and that it would consider any such research before Crossley's sentencing hearing. Crossley's trial counsel did not submit any additional research for the trial court to consider. Crossley's trial counsel also did not object when the trial court failed to merge the carrying a concealed weapon and improperly handling firearms offenses at sentencing.

{¶ 6} With regard to Case No. 2018-CR-446, the trial court sentenced Crossley to one year in prison for carrying a concealed weapon, one year in prison for improperly handling firearms in a motor vehicle, and one year in prison for receiving stolen property.

Each of those sentences were ordered to run consecutively for a total prison term of three years. The firearm specification attached to the receiving stolen property offense was merged with the firearm specifications attached to the drug offenses in Case No. 2018-CR-601.

{¶ 7} In Case No. 2018-CR-601, the trial court merged the two drug offenses, and the State elected for Crossley to be sentenced on the aggravated trafficking offense. The trial court sentenced Crossley to 8 years in prison for aggravated trafficking and one year in prison for the attendant firearm specification, making his sentence a total of nine years in prison. The trial court ordered the nine-year sentence in Case No. 2018-CR-601 to run consecutively with the three-year sentence in Case No. 2018-CR-446, for a total, aggregate sentence of 12 years in prison.

{¶ 8} Crossley appealed from his convictions in both cases. On appeal, Crossley raised two assignments of error arguing that: (1) the record did not clearly and convincingly support the sentence imposed by the trial court; and (2) the imposition of maximum sentences was contrary to law. This court overruled both of Crossley's assignments of error and affirmed the judgments of the trial court in *State v. Von Crossley*, 2d Dist. Clark No. 2018-CA-121, 2019-Ohio-2938.

{¶ 9} On October 7, 2019, Crossley filed an application to reopen his appeal pursuant to App.R. 26(B). Crossley's application raised 11 issues that he claimed his appellate counsel should have, but did not, raise in his appeal. Of those 11 issues, we found that one presented a colorable claim of ineffective assistance of appellate counsel. That claim was whether appellate counsel was ineffective for failing to raise the issue of whether Crossley's carrying a concealed weapon and improperly handling firearms

offenses should have merged as allied offenses of similar import, and whether Crossley's trial counsel was ineffective for failing to object to the trial court's decision not to merge those offenses. We therefore granted Crossley's application for reopening as to that claim only and ordered the case to proceed as on an initial appeal.

{¶ 10} After granting Crossley's application for reopening, we appointed Crossley a new appellate counsel. Crossley's new counsel filed a merit brief arguing that his trial counsel was ineffective for not providing research on the merger issue and for not objecting when the trial court failed to merge the carrying a concealed weapon and improperly handling firearms offenses at sentencing. As required by App.R. 26(B)(7), counsel also argued that Crossley's prior appellate counsel was ineffective for failing to raise the merger/ineffective assistance issue on appeal. Those issues are currently pending before this court in Clark App. No. 2018-CA-121.

{¶ 11} On November 22, 2019, approximately two months after Crossley filed his application to reopen and 303 days after Crossley filed the trial transcript in his direct appeal, Crossley filed a timely petition for post-conviction relief. *See* R.C. 2953.21(A)(2) (requiring a petition for post-conviction relief to be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction). In the petition, Crossley raised four ineffective assistance of counsel claims. Specifically, Crossley argued that he received ineffective assistance because:

1.    Trial counsel sent substitute counsel, who did not know much about his case, to represent him at a court hearing where substitute counsel coerced him into entering a guilty plea instead of requesting

a continuance of his suppression hearing.

2.   Substitute counsel coerced him into entering a guilty plea by falsely telling him that he would go to trial that day if he did not enter a guilty plea and by leading him to believe that he would not receive more than seven years in prison if he accepted the State's plea offer and pled guilty to the charges.

3.   Trial counsel failed to research whether the charges in Case No. 2018-CR-446 could be served concurrently or would merge as allied offenses.

4.   Trial Counsel did not complete the suppression hearing prior to his guilty plea and made the decision not to complete the suppression hearing without his permission.

{¶ 12} Crossley filed four affidavits from his friends and family in support of his petition for post-conviction relief.   The affiants were Crossley's mother and father, and Crossley's friends, Timothy Tyler and Stephan Straughter.   Each of the affiants averred to being present at court sometime before Crossley entered his guilty plea and witnessing Crossley's trial counsel tell Crossley that if he accepted the State's plea offer, he would receive no more than seven years in prison.

{¶ 13} Crossley also attached his own affidavit to his petition for post-conviction relief.   In his affidavit, Crossley averred that at a September 28, 2018 hearing, his trial counsel told him and his friends and family in attendance that he would not receive more than seven years in prison if he accepted the State's plea offer and pled guilty to the charges in the indictment.   Crossley also averred that when he later appeared at court

on October 3, 2018, he was under the impression that he was there to complete the suppression hearing, not to enter a plea. Crossley further averred that his trial counsel sent a substitute counsel, whom Crossley had never met before, to represent him that day.

{¶ 14} According to Crossley, the substitute counsel knew nothing about the suppression hearing and falsely told him that his case would proceed to trial that day if he did not enter a guilty plea at that time. Crossley averred that the substitute counsel's conduct led him to believe that he had no other choice but to plead guilty. Crossley also averred that he had the substitute counsel contact his trial counsel via text message to ask what he should do, and that the substitute counsel led him to believe that his trial counsel advised him to accept the State's plea offer. Crossley averred that based on his previous discussions with trial counsel, he believed that he would receive no more than seven years in prison if he accepted the State's plea offer. Crossley's affidavit further indicated that but for trial and substitute counsel's conduct, Crossley would have chosen to complete the suppression hearing before entering a plea.

{¶ 15} On January 24, 2020, the trial court issued an entry denying Crossley's petition for post-conviction relief. In denying the petition, the trial court applied the two-prong ineffective assistance analysis in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to Crossley's first three ineffective assistance claims. In doing so, the trial court found that Crossley had failed to satisfy the second prong of the *Strickland* analysis for each of those claims. Specifically, the trial court found that Crossley had failed to establish that the outcome of his plea and sentencing hearings would have been different but for counsel's alleged deficient performance. In so holding,

the trial court did not discuss the supporting affidavits attached to Crossley's petition. The trial court also did not address Crossley's fourth ineffective assistance claim, which concerned his counsel's failure to complete the suppression hearing prior to his entering his guilty plea.

{¶ 16} Crossley now appeals from the trial court's judgment denying his petition for post-conviction relief, raising six assignments of error for review.

## Standard of Review and Jurisdictional Matters

{¶ 17} This court reviews the denial of a petition for post-conviction relief for which no hearing was held under an abuse-of-discretion standard. *State v. Harden*, 2d Dist. Montgomery No. 23617, 2010-Ohio-3343, ¶ 10. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. An abuse of discretion "most often involves an 'unreasonable' decision that is not supported by a sound reasoning process." *State v. Mackey*, 2018-Ohio-516, 106 N.E.3d 241, ¶ 8 (2d Dist.), citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "Abuse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *Darmond* at ¶ 34, citing *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14.

{¶ 18} The State claims that this court does not have jurisdiction to consider the instant appeal because Crossley's notice of appeal was not timely filed. We disagree. App.R. 4(A)(1) requires a party to file a notice of appeal within 30 days of the date of the judgment entry from which he or she appeals. The record indicates that Crossley filed

his notice of appeal on February 21, 2020, only 28 days after the trial court issued its January 24, 2020 entry denying his petition for post-conviction relief. Therefore, contrary to the State's claim otherwise, Crossley's notice of appeal was filed within the 30-day deadline.

{¶ 19} The State also claims that this court lacks jurisdiction to consider the instant appeal because Crossley's direct appeal in this matter was reopened and is currently pending before this court. The State provides no authority in support of this claim. Upon review, we find that the claim lacks merit and that we do have jurisdiction to review both appeals. *See, e.g., State v. Holland*, 5th Dist. Licking No. 11 CA 47, 2013-Ohio-904, and *State v. Holland*, 5th Dist. Licking No. 12 CA 56, 2013-Ohio-905 (appellate court contemporaneously reviewed direct and post-conviction-relief appeals arising from same trial court case).

{¶ 20} Having found no merit to the State's jurisdictional claims, we will proceed to review Crossley's six assignments of error in this appeal. For ease of discussion, we will review the assignments of error out of order. We note that Crossley's first four assignments of error mirror the ineffective assistance claims raised in his petition for post-conviction relief.


**Third Assignment of Error**

{¶ 21} Under his third assignment of error, Crossley contends that his trial counsel was ineffective because counsel failed to research whether the charges in Case No. 2018-CR-446 could be served concurrently or would merge as allied offenses. This claim relates to matters that are contained within the record; therefore, it should have

-10-

been raised in Crossley's direct appeal. *See State v. Lane*, 2d Dist. Greene No. 2014-CA-54, 2015-Ohio-2712, ¶ 13, citing *State v. Wilson*, 2d Dist. Montgomery No. 23129, 2013-Ohio-180, ¶ 47-48. "If an alleged constitutional error [such as ineffective assistance of counsel] could have been raised and fully litigated on direct appeal, the issue is res judicata and may not be litigated in a post[-]conviction proceeding." (Emphasis deleted.) *State v. Franklin*, 2d Dist. Montgomery No. 19041, 2002-Ohio-2370, ¶ 9, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967*). Accord Lane* at ¶ 13. Whether Crossley's counsel was ineffective for failing to research the merger issue is also the subject of Crossley's reopened direct appeal that is currently pending before this court in Case No. 2018-CA-121. Since it was improper for Crossley to raise that issue in his petition for post-conviction relief, and because the issue is currently pending in Crossley's reopened direct appeal, it would be inappropriate for this court to review the issue in the instant appeal.

{¶ 22} Crossley's third assignment of error is overruled.

**First and Second Assignments of Error**

{¶ 23} Because they are interrelated, we will address Crossley's first and second assignments of error together. Under his first assignment of error, Crossley contends that he received ineffective assistance because his trial counsel sent substitute counsel, who knew little about his case, to represent him at the plea hearing. In his supporting affidavit, Crossley claimed that on the day he entered his plea, he thought he was at court to complete the hearing on his motion to suppress. Crossley claims that because substitute counsel was unfamiliar with his case, counsel proceeded with the plea

proceedings and coerced him to plead guilty as opposed to requesting a continuance of his suppression hearing.

{¶ 24} Under his second assignment of error, Crossley specified that substitute counsel coerced him into pleading guilty by falsely telling him that he would go to trial that day if he did not enter a guilty plea. Crossley also claimed that he was led to believe that he would not receive more than seven years in prison for all his offenses if he accepted the State's plea offer.

{¶ 25} "To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different." *State v. Thompson*, 2d Dist. Montgomery No. 28449, 2019-Ohio-5140, ¶ 24, citing *Strickland*, 466 U.S. 668 at 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 and *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶ 26} " 'In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.' " *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983), quoting *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus; *Thompson* at ¶ 26. "A trial court may dismiss a petition for post[-]conviction relief without a hearing 'where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.' " *State v.*

*Jones*, 2d Dist. Clark No. 2018-CA-119, 2019-Ohio-2250, ¶ 13, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus. (Other citation omitted.)

{¶ 27} When making such a determination, a trial court has the discretion to weigh the credibility of any affidavits submitted with the petition. *Calhoun* at 284. "Generally, self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21." *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251, ¶ 20, citing *Kapper* at 38. (Other citation omitted.) " 'Though we recognize that every affidavit submitted by a post-conviction relief petitioner is to some degree or another "self-serving," such affidavits should not lightly be deemed false as they are by definition a statement that the affiant has sworn to be truthful and made under penalty of perjury.' " *Id.*, quoting *State v. Padgett*, 2d Dist. Montgomery No. 17658, 1999 WL 1127398, *3 (Dec. 10, 1999), citing *Calhoun* at 284. "Nevertheless, 'the trial court may, under appropriate circumstances in post[-]conviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant.' " *Id.*, quoting *Calhoun* at 284.

{¶ 28} In assessing the credibility of affidavits, the Supreme Court in *Calhoun* provided the following relevant factors to be considered:

(1) whether the judge reviewing the post[-]conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the

petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.

*Calhoun* at 285, citing *State v. Moore*, 99 Ohio App.3d 748, 754-756, 651 N.E.2d 1319 (1st Dist.1994).

{¶ 29} " 'Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility.' " *Clark* at ¶ 22, quoting *Calhoun* at 285. " 'Such a decision should be within the discretion of the trial court.' " *Id.* " 'A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur.' " *Id.*

{¶ 30} A trial court commits "prejudicial error by failing to include in the decision and entry a sufficient explanation for its basis for discounting the credibility of sworn affidavits in support of the appellant's postconviction relief petition." *State v. Canada*, 10th Dist. Franklin No. 16AP-7, 2016-Ohio-5948, ¶ 20, citing *Calhoun* at 285 and *State v. Jackson,* 10th Dist. Franklin No. 03AP-1065, 2004-Ohio-6438, ¶ 11. (Other citations omitted.) However, " 'where a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential.' " *State v. Murillo*, 2d Dist. Montgomery No.

25958, 2014-Ohio-2097, ¶ 9, quoting *Calhoun* at 284.

{¶ 31} In this case, the trial court's findings of fact and conclusions of law in its entry denying Crossley's petition for post-conviction relief indicate that the court determined that even if Crossley's allegations regarding his counsels' conduct were true, Crossley still did not establish an ineffective assistance claim because he failed to satisfy the second prong of the *Strickland* analysis. The second prong of that analysis requires Crossley to demonstrate that the conduct complained of affected the outcome of the plea process, i.e., " 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 16, quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 32} With regard to Crossley's allegation that trial counsel inaccurately advised him that he would receive no more than seven years in prison if he accepted the State's plea offer, it is well established that inaccurate predictions as to what sentence will be imposed do not amount to ineffective assistance of counsel. *See State v. Glass*, 10th Dist. Franklin No. 04AP-967, 2006-Ohio-229, ¶ 34, quoting *Wiant v. United States*, No. 2:04-CV-256, 2005 WL 1651716 (S.D.Ohio 2005) ("courts have held that, 'where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel' "); *State v. Bryant*, 2013-Ohio-5105, 1 N.E.3d 878, ¶ 32 (10th Dist.) (finding that even if counsel had misinformed appellant about the sentence, an attorney's mere inaccurate prediction of a sentence does not demonstrate the deficiency component of an ineffective assistance of

counsel claim).

{¶ 33} At Crossley's plea hearing, the trial court confirmed Crossley's understanding of the parties' plea agreement, which did not include an agreement as to the length of the sentence that would be imposed for Crossley's offenses. The trial court also specifically advised Crossley that the maximum possible prison sentence he could receive for all of his offenses was 13.5 years, which Crossley stated he understood. Therefore, at the time he entered his guilty plea, Crossley was put on notice that there was a possibility that he could receive a sentence greater than seven years. Accordingly, the trial court advisements at the plea hearing prevented the possibility of any prejudice arising from counsel's alleged statement that Crossley would receive no more than seven years in prison.

{¶ 34} Crossley, however, also alleged in his petition and averred in his supporting affidavit that, on the day he entered his guilty plea, substitute counsel falsely told him that he would be forced to go to trial that day if he did not enter a guilty plea. The averments in Crossley's affidavit further indicate that but for this comment by substitute counsel, Crossley would not have entered a plea, but would have waited to have his trial counsel complete the suppression hearing in order to see whether the trial court would have suppressed any of the State's evidence against him. Because the outcome of the suppression hearing could have potentially resulted in the suppression of evidence, it had the potential to affect the outcome of Crossley's case. Therefore, we find that Crossley's affidavit sufficiently raised a claim of prejudice arising from substitute counsel's alleged statement that Crossley would immediately proceed to trial if he did not enter a plea.

{¶ 35} Although it was within the trial court's discretion to discredit Crossley's

affidavit, the trial court was required to include an explanation of its basis for doing so when issuing its findings of fact and conclusions of law. Here, the trial court did not mention the fact that Crossley filed supporting affidavits, let alone explain the court's basis for discrediting them. This court has held that, even when "a number of the *Calhoun* factors apply to discount the credibility of * * * supporting affidavits[,] * * * it is not this court's place to judge the credibility of the affidavits[.]" *Clark*, 2017-Ohio-120, 80 N.E.3d 1251, at ¶ 23. Therefore, based on the facts of this case, we find that the trial court erred by denying the first two ineffective assistance claims raised in Crossley's petition for post-conviction relief without including a sufficient explanation as to why it discounted the credibility of the testimony in Crossley's supporting affidavits.

**{¶ 36}** Crossley's first and second assignments of error are sustained.

### Fourth and Fifth Assignments of Error

**{¶ 37}** Crossley's fourth and fifth assignments of error are also interrelated; therefore, we will review them together as well. Under his fourth assignment of error, Crossley contends that his trial counsel was ineffective because counsel did not complete his suppression hearing before he entered his guilty plea, and because counsel made the decision not to complete the suppression hearing without his permission. Under his fifth assignment of error, Crossley contends that the trial court abused its discretion by failing to address the foregoing claim in the entry denying his petition for post-conviction relief.

**{¶ 38}** Under R.C. 2953.21, findings of fact and conclusions of law are mandatory if the trial court denies a petition for post-conviction relief. *Calhoun*, 86 Ohio St.3d at 291, 714 N.E.2d 905, citing *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975)

paragraph two of the syllabus. *Accord State v. Quinn*, 2017-Ohio-8107, 98 N.E.3d 1184, ¶ 27 (2d Dist.). " ' "[T]he failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." ' " *Calhoun* at 291, quoting *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 530 N.E.2d 1330 (1988), quoting *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982).

{¶ 39} A trial court, however, "need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law." *Id.* "The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Id.*, citing *State v. Clemmons*, 58 Ohio App.3d 45, 46, 568 N.E.2d 705 (1989). (Other citation omitted.) Therefore, "a trial court properly denies a petition for postconviction relief, made pursuant to R.C. 2953.21, and issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." *Id.*

{¶ 40} In this case, the trial court's entry denying Crossley's petition for post-conviction relief did not specifically address Crossley's claim that his trial counsel was ineffective for failing to complete the suppression hearing. The findings of fact and conclusions of law contained in the entry are also not pertinent to that issue. Therefore, because there is no ruling from which we can determine the trial court's basis for denying Crossley's fourth ineffective assistance claim, we are unable to review that claim on appeal. *See, generally, State v. Reed*, 2016-Ohio-7416, 72 N.E.3d 1196, ¶ 29 and *State*

*v. Delossantos,* 9th Dist. Loraine No. 11CA009951, 2012-Ohio-1383, ¶ 20 (finding that there was no trial court ruling for the appellate court to review).

{¶ 41} Crossley's fourth and fifth assignments of error are sustained to the extent that Crossley's fourth ineffective assistance claim was not ruled on by the trial court.

**Sixth Assignment of Error**

{¶ 42} Under his sixth assignment of error, Crossley contends that both his trial and appellate counsel were ineffective in failing to provide him with a copy of his discovery packet. Crossley, however, did not raise this issue in his petition for post-conviction relief. Because Crossley did not first raise this issue in the trial court, the claim is not properly before this court on appeal. *State v. Thomas*, 2d Dist. Darke No. 2013-CA-11, 2014-Ohio-2666, ¶ 21, citing *State v. Webb*, 2d Dist. Darke No. 06-CA-1694, 2007-Ohio-3446, ¶ 1 and *State v. Garrett*, 7th Dist. Belmont No. 06 BE 67, 2007-Ohio-7212, ¶ 8 ("the appellate court can only address those arguments presented to the trial court in the original petition; any new arguments cannot be considered for the first time on appeal").

{¶ 43} In addition, it is well established that claims alleging the ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings and that a petition for post-conviction relief is not the appropriate means by which to raise that issue. *State v. Owensby*, 2d Dist. Montgomery No. 27607, 2018-Ohio-2967, ¶ 12, citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), paragraph one of the syllabus; *State v. Moore*, 10th Dist. Franklin No. 14AP-390, 2015-Ohio-426, ¶ 8; *State v. Isham*, 2d Dist. Montgomery No. 15136, 1995 WL 502255, *3 (Aug. 23, 1995); *State v. Leigh*, 2d Dist. Montgomery No. 18841, 2001 WL 1345961, *1 (Nov. 2, 2001). The

proper avenue of relief for such a claim would instead be through an application to reopen under App.R. 26(B), which Crossley has already pursued.

{¶ 44} Crossley's sixth assignment of error is overruled.

## Conclusion

{¶ 45} Having sustained Crossley's first, second, fourth, and fifth assignments of error, the judgment of the trial court denying Crossley's petition for post-conviction relief is reversed, and the matter is remanded to the trial court. On remand, the trial court shall examine Crossley's supporting affidavits and consider all the relevant factors, including those specifically mentioned in *Calhoun*, for purposes of determining the credibility of the affidavits and whether or not the affidavits present sufficient operative facts in support of Crossley's first and second ineffective assistance claims. The trial court shall also address Crossley's fourth ineffective assistance claim in its decision.

{¶ 46} Judgment reversed and remanded.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Von Crossley
Hon. Douglas M. Rastatter