The STATE of Ohio, Appellant,

v.

DELEON, Appellee.

[Cite as *State v. Deleon* (1999), 131 Ohio App.3d 632.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17330.

Decided Jan. 29, 1999.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Karyn J. Lynn*, Assistant Prosecuting Attorney, Appellate Division, for appellant.

*Matthew R. Arntz* and *J. David Turner*, for appellee.

---

FAIN, Judge.

Plaintiff-appellant the state of Ohio appeals from an order of the trial court requiring disclosure of the identity of a confidential informant. The state contends that the trial court abused its discretion in ordering disclosure. We agree. Consequently, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

I

Shortly before 7:00 a.m. one Friday morning in November 1997, Travis Eskew was shot while driving his car in the city of Dayton. Although Eskew survived, he was unable to identify his assailant. There were two alleged eyewitnesses to

the shooting, Tashia Benson and Anthony Brown. Both witnesses gave roughly similar physical descriptions to the police.

Between November 1997 and February 1998, four separate photospreads were shown to Benson based on tips received by the police concerning the shooter's identity. None of the spreads contained a photograph of defendant-appellee Antonio M. Deleon, and Benson did not make an identification from any of these spreads.

In mid-February 1998, Dayton Police Detective Doyle Burke and his supervisor, Sergeant Gary White, received information from a confidential informant that Deleon had admitted his participation in the offense. Based upon this tip, a new photospread was shown to Benson, which included Deleon's photograph. Benson identified Deleon as the shooter, subject to verifying her identification in person. Deleon was then arrested, and a lineup was arranged. Both Benson's identification of Deleon's photograph and the confidential informant's statement that Deleon had admitted his participation in the offense were recited in the affidavit supporting the warrant to arrest Deleon.

Benson was unable to attend the lineup, but Brown, the other witness, did attend, and identified Deleon. At a hearing on Deleon's motion to suppress and for an order to disclose the identity of the confidential informant, Benson testified, however, that Deleon was definitely not the person who did the shooting.

Deleon moved to suppress evidence and also for an order to disclose the identity of the confidential informant. The trial court conducted a hearing on these motions. Following a hearing, the trial court denied Deleon's motion to suppress, but granted his motion for an order disclosing the identity of the confidential informant. From the order to disclose the identity of the confidential informant, the state appeals.

## II

The state's sole assignment of error is as follows:

"The trial court abused its discretion when it ordered the state to disclose the identity of a confidential informant."

■ The state has an obvious interest in preserving the confidentiality of informants to whom it has promised confidentiality. Every time this promise cannot be honored, it becomes more difficult to secure the cooperation of informants in the future upon a promise of confidentiality. Nevertheless, the identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing and making a defense

to criminal charges. *State v. Williams* (1983), 4 Ohio St.3d 74, 4 OBR 196, 446 N.E.2d 779, syllabus.

In *State v. Williams,* the confidential informant served as the intermediary between a police officer and a cocaine seller. The confidential informant took the money from the police officer, went to the defendant, exchanged the money for the cocaine, and delivered the cocaine to the police officer. The case could not have been prosecuted without disclosing the existence of the confidential informant to the jury. Furthermore, it is possible that the confidential informant might have provided testimony concerning the details of the alleged transaction that might have been helpful to the defendant.

Similarly, in *State v. Brown* (1992), 64 Ohio St.3d 649, 653, 597 N.E.2d 510, 513, where the disclosure of a confidential informant was required, the court noted that the confidential informant was likely to have been the sole person to witness the entire transaction.

In the case before us, the confidential informant was not a witness to the alleged offense. The confidential informant merely claimed to have heard Deleon admit his commission of the offense. It is, therefore, unlikely in the extreme that the confidential informant could provide evidence that would be useful to Deleon. Furthermore, the state has made a strategic decision not to call the confidential informant as a witness to testify concerning Deleon's alleged admission that he committed the offense. Instead, the state intends to rely upon Brown's testimony identifying Deleon as the shooter, possibly corroborated to some slight extent by Benson's initial identification of Deleon's photograph, although that corroboration was essentially nullified by her testimony, upon observing Deleon in court, that he was not the shooter.

Deleon claims that he is entitled to know the identity of the confidential informant because of the "obvious danger that the jury will impermissibly speculate that the confidential informant clearly identified Mr. Deleon as the suspect, thereby bolstering the weight they give to otherwise shaky testimonial evidence." This assumes that the jury would become aware of the existence of the confidential informant. In our view, there is no reason whatsoever for the jury to be informed of the existence of the confidential informant. It is immaterial why police officers chose to show Benson a fifth photospread containing Deleon's photograph. Even if they did it on a mere hunch, or on the remote chance that the perpetrator might be included within the photospread, the fact that Benson identified Deleon's photograph justified his arrest and showing in the lineup, at which he was identified by Brown. We agree with Deleon that disclosure of the existence of the confidential informant to the jury would be unfairly prejudicial. See *State v. Sinkfield* (Oct. 2, 1998), Montgomery App. No. 16277, unreported, at 10, 1998 WL 677413.

In the circumstances of the case before us, the prejudicial impact of disclosure of the existence of the confidential informant to a jury would so outweigh any conceivable probative value that it might have as an explanation for showing the fifth photospread to Benson that the state is cautioned that any reference to the existence of the confidential informant in the presence of the jury would likely be grounds for a mistrial.

Because (1) there is nothing in this record to suggest that the confidential informant witnessed, or participated in, the offense, (2) there is nothing in the record to suggest that the testimony of the confidential informant would be useful to the defense, (3) the state has indicated that it will not rely upon the evidence of Deleon's alleged admission to the confidential informant, and (4) there is no conceivable reason for disclosing the existence of the confidential informant to the jury, we conclude that the interest of the state in maintaining its promise of confidentiality outweighs any interest of Deleon in discovering the identity of the confidential informant. Consequently, we agree with the state that the trial court abused its discretion by ordering the disclosure of the identity of the confidential informant.

The state's sole assignment of error is sustained.

### III

The state's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.