[Cite as *State v. Moore*, 2015-Ohio-426.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

      Plaintiff-Appellee, :

                                    No. 14AP-390

v. : (C.P.C. No. 91CR-3586)

Thomas H. Moore, : (REGULAR CALENDAR)

      Defendant-Appellant. :

---

D E C I S I O N

Rendered on February 5, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Thomas H. Moore*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Thomas H. Moore, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas in which the court denied his motion to vacate unlawful sentence.

{¶ 2} The underlying facts of the crime for which appellant was convicted are irrelevant to the issues on appeal. In 1991, appellant was found guilty of six counts of rape and was sentenced to ten to 25 years of incarceration for each count, with the sentences to run consecutively. Appellant appealed, and we affirmed his conviction in *State v. Moore*, 10th Dist. No. 91AP-1256 (July 14, 1992). The Supreme Court of Ohio affirmed his conviction in *State v. Moore*, 69 Ohio St.3d 1480 (1994), without comment.

{¶ 3}    On May 14, 2012, appellant filed a motion to modify his sentence to impose concurrent sentences, which the trial court denied.

{¶ 4}    On November 8, 2013, appellant filed the current motion to vacate unlawful sentence, arguing that the trial court should have ordered his sentences be imposed concurrently instead of consecutively because his offenses were allied offenses. On May 14, 2014, the trial court denied appellant's motion, characterizing it as a petition for post-conviction relief and finding it was barred by res judicata, as appellant should have or could have raised the issues at trial or on direct appeal. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.]    That the Defendant has a right to redress of grievances and to have meaningful access and review on any issue that has merit, and when such is raised pursuant to O.R.C. 2953.21 or any other law or rule, unless the trial court can find, based solely on the motion, with no review of the record that the matter raised lacked merit wholly, it may not deny nor dismiss the motion without a hearing.
>
> [II.]    That when a Defendant raises the meritorious issue of a double jeopardy right violation, (due to multiple consecutive prison terms, for acts on the same day, with the same victim), and arguing that he has an equal protection right to have t[he] unlawful sentences vacated, the Trial Court must conduct a hearing to review the record and determine if the jury's verdicts are for a[nd] were so found wi[th] dist[in]ct a[n]d separate acts, or if such was an additional fact found by the trial court.
>
> [III.]    That the Defendant cannot be found to be barred by Res Judicata, nor lose any rights due to Ineffective Assistance of Counsel, That are plain error or that r[e]sult in his serving an unlawful sentence.
>
> [IV.]    That the Trial Court Violated the Defendant's Equal Benefit and Protection Rights By Denying His Motion and Not Affording Him The Meaningful Access To Court to Redress His Injury from An Unlawful Sentence That Violated His Constitutional Rights.

{¶ 5}    We will address all of appellant's assignments of error together, as they are all related. In these assignments of error, appellant argues that the trial court erred when it applied res judicata to his arguments regarding sentencing because he was not granted

a hearing on his motion, and he had previously received ineffective assistance of appellate counsel.

{¶ 6} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that "was raised or could have been raised" by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 7} Appellant's arguments attack the trial court's 1991 sentencing judgment as being unlawful. However, appellant's arguments are barred by res judicata. Appellant filed an appeal from that judgment with both this court and the Supreme Court, both of which affirmed the judgment. Appellant did not raise the present arguments in any of his previous appeals. Therefore, we agree with the trial court in the present case that this court has already adjudicated the lawfulness of his sentence, and further review is barred by res judicata.

{¶ 8} As for appellant's claim that he did not raise the present arguments in his prior appeals because his prior appellate counsel was ineffective, the proper remedy is to seek to reopen his direct appeal. A claim of ineffective assistance of appellate counsel is not cognizable in a post-conviction proceeding. *State v. Murnahan*, 63 Ohio St.3d 60 (1992), paragraph one of the syllabus. App.R. 26(B) permits a court of appeals to consider ineffective assistance of appellate counsel claims by motion filed 90 days after journalization of the judgment of the appellate court. We state no opinion about whether this remedy remains available to appellant or would be successful.

{¶ 9} Furthermore, with regard to appellant's argument that the trial court erred by applying res judicata without an evidentiary hearing, a trial court may dismiss a petition for post-conviction relief without holding an evidentiary hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996). "*Res judicata* is applicable in all postconviction relief proceedings." *Id.* at 95. Therefore, the trial court committed no error, in this respect. For these reasons, appellant's first, second, third, and fourth assignments of error are overruled.

{¶ 10} Accordingly, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

_____