[Cite as *State v. Owensby*, 2018-Ohio-2967.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27607 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-3516/1 |
| | : | |
| LASHON OWENSBY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of July, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

LASHON OWENSBY, Inmate No. 706-095, Mansfield Correctional Institution, P.O. Box 788, Mansfield, Ohio 44901
        Defendant-Appellant Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Lashon Owensby, appeals pro se from the judgment of the Montgomery County Court of Common Pleas overruling his petition for post-conviction relief, wherein he challenged the effectiveness of both his appellate and trial counsel. In addition to arguing that the trial court's decision overruling his petition was in error, Owensby also contends that the post-conviction process is unconstitutional because it does not grant a petitioner the right to conduct discovery in a non-capital case. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On November 21, 2013, a Montgomery County Grand Jury returned a five-count indictment charging Owensby with one count of possessing cocaine in an amount equaling or exceeding 20 grams, but less than 27 grams, a second-degree felony; two counts of possessing marijuana in an amount equaling or exceeding 5,000 grams, but less than 20,000 grams, a third-degree felony; and two counts of trafficking marijuana in an amount equaling or exceeding 5,000 grams, but less than 20,000 grams, also a third-degree felony.

{¶ 3} Following his indictment, Owensby filed a motion to suppress the drug evidence on which his charges were based. After holding a hearing on the matter, the trial court overruled Owensby's motion to suppress. Owensby thereafter pled no contest and was found guilty of all five charges. The trial court sentenced Owensby to an aggregate term of seven years in prison. Owensby filed a direct appeal from his conviction and sentence, wherein he challenged the length of his prison term and the trial

court's decision overruling his motion to suppress. On July 31, 2015, we affirmed the judgment of the trial court on both matters in *State v. Owensby*, 2d Dist. Montgomery No. 26247, 2015-Ohio-3054.

{¶ 4} On April 3, 2017, over a year and a half after his appeal, Owensby filed a "Delayed Petition for Post-Conviction Relief" that raised several ineffective assistance claims concerning the performance of both his appellate and trial counsel. On May 2, 2017, the trial court issued a decision overruling Owensby's petition for post-conviction relief on grounds that the petition was untimely. In its decision, the trial court indicated that even if Owensby's petition had been timely filed, the ineffective assistance claims raised therein were either barred by res judicata or were not cognizable in post-conviction proceedings.

{¶ 5} Owensby now appeals from the trial court's decision overruling his petition for post-conviction relief, raising four assignments of error for review.

**First, Third, and Fourth Assignments of Error**

{¶ 6} For purposes of clarity, we will address Owensby's First, Third, and Fourth Assignments of Error together. Under these three assignments of error, Owensby generally contends that the trial court erred in overruling his petition for post-conviction relief. Each assignment of error corresponds to one of the ineffective assistance claims Owensby raised in his petition, namely that: (1) appellate counsel failed to advise him of the time limitation for filing a petition for post-conviction relief; (2) trial counsel failed to advise him of his right to confront a confidential informant and failed to compel evidence from the confidential informant; and (3) trial counsel failed to investigate and obtain

statistical evidence relating to racial profiling and the selective prosecution of defendants based on race. For the following reasons, we find that the trial court did not err in overruling Owensby's petition for post-conviction relief.

### 1. Owensby's Petition for Post-Conviction Relief was Untimely

{¶ 7} "When a direct appeal of the judgment of conviction has been taken * * *, a petition for post-conviction relief must be filed no later than 365 days 'after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication.' " *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 12, quoting R.C. 2953.21(A)(2). "Trial courts lack jurisdiction to consider an untimely or successive petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A)." *Id.*, citing *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16.

{¶ 8} "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right." *Id.* at ¶ 13. "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(b).

{¶ 9} In this case, Owensby filed his petition for post-conviction relief after filing a direct appeal from his conviction and sentence. A transcript of the trial court proceedings

was filed with this court in Owensby's direct appeal on August 14, 2014. Owensby's petition for post-conviction relief was filed over two and a half years later on April 3, 2017. Therefore, Owensby's petition was clearly filed beyond the 365-day time limitation set forth in R.C. 2953.21(A)(2).

{¶ 10} The record indicates that Owensby did not provide the trial court with any justification for the untimeliness of his petition. More specifically, Owensby never alleged that he was unavoidably prevented from discovering the facts underlying his ineffective assistance claims or that his claims were based on a new federal or state right. Therefore, Owensby failed to establish that the untimeliness of his petition should be excused under R.C. 2953.23(A). Accordingly, the trial court did not have jurisdiction to consider Owensby's untimely petition and properly overruled it.

*2. The Claims in Owensby's Petition for Post-Conviction Relief Lack Merit or*

*are not Cognizable in Post-Conviction Proceedings*

{¶ 11} Even if Owensby's petition for post-conviction relief had been timely filed, it would still have been appropriate for the trial court to overrule the petition, as the ineffective assistance claims asserted therein either lack merit or are not cognizable in post-conviction proceedings.

{¶ 12} As previously noted, one of the claims raised in Owensby's petition for post-conviction relief is that Owensby's appellate counsel rendered ineffective assistance. It is well established that claims alleging the ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings and that a petition for post-conviction relief is not the appropriate means in which to raise that issue. *State v. Murnahan*, 63 Ohio

St.3d 60, 584 N.E.2d 1204 (1992), paragraph one of the syllabus; *State v. Moore*, 10th Dist. Franklin No. 14AP-390, 2015-Ohio-426, ¶ 8; *State v. Isham*, 2d Dist. Montgomery No. 15136, 1995 WL 502255, *3 (Aug. 23, 1995); *State v. Leigh*, 2d Dist. Montgomery No. 18841, 2001 WL 1345961, *1 (Nov. 2, 2001). Instead, App.R. 26(B) permits a court of appeals to consider ineffective assistance of appellate counsel claims by motion filed within 90 days after journalization of the judgment of the appellate court. *Moore* at ¶ 8.

{¶ 13} The other ineffective assistance claims raised in Owensby's petition for post-conviction relief concern the performance of his trial counsel and they lack merit. "Reversal of a conviction for ineffective assistance of counsel requires that the defendant show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 74, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689.

{¶ 14} As previously noted, Owensby claims his trial counsel rendered ineffective assistance because counsel failed to advise him of his right to confront a confidential informant and failed to compel evidence from the confidential informant. However, Owensby not only failed to provide any evidence in support of this claim, but under the circumstances of this case, such a failure does not amount to deficient performance on the part of his trial counsel.

{¶ 15} "Where disclosure [of a confidential informant] would not be helpful or beneficial to the accused, the identity of the informant need not be revealed." (Citations

omitted.) *State v. Williams*, 4 Ohio St.3d 74, 76, 446 N.E.2d 779 (1983). Rather, "the identity of an informant must be revealed to the criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing and making a defense to criminal charges." *State v. Deleon*, 131 Ohio App.3d 632, 635-636, 723 N.E.2d 188 (2d Dist.1999), citing *Williams* at syllabus. "The defendant has the burden to demonstrate the need for the identity." *State v. Griffith*, 2015-Ohio-4112, 43 N.E.3d 821, ¶ 42 (2d Dist.), citing *State v. Daniels*, 1st Dist. Hamilton No. C-990549, 2000 WL 282437, *1 (March 17, 2000).

{¶ 16} In this case, the record indicates that the drug possession and trafficking charges against Owensby resulted from evidence discovered after the execution of multiple search warrants, not from the information provided by the confidential informant in question. The record indicates that the confidential informant advised detectives that Owensby was selling large amounts of marijuana and had large amounts of cash at 1709 Grand Avenue. Using that information, the detectives conducted their own independent investigation of Owensby. Following that investigation, the detectives were able to obtain multiple search warrants, which yielded evidence that led to Owensby's arrest. Because Owensby's drug possession and trafficking charges were based on the fruits of the search warrants, which did not disclose the identity of the confidential informant, the identity and testimony of the informant was not vital to establishing an element of Owensby's charges. Accordingly, Owensby's trial counsel did not render deficient performance when he allegedly failed to advise Owensby of the right to obtain the identity and testimony of the confidential informant.

{¶ 17} Owensby also claims his trial counsel rendered ineffective assistance by

failing to obtain statistical evidence regarding racial profiling and selective prosecution. However, Owensby failed to provide any evidence supporting this claim and failed to establish that there was a credible basis for arguing selective prosecution. As a result, Owensby failed to demonstrate that his trial counsel rendered deficient performance in failing to pursue such a claim.

{¶ 18} For the foregoing reasons, the trial court did not err in overruling Owensby's petition for post-conviction relief. Therefore, Owensby's First, Third, and Fourth Assignments of Error are overruled.

**Second Assignment of Error**

{¶ 19} Although difficult to discern, we interpret Owensby's Second Assignment of Error as challenging the constitutionality of the statutory scheme governing post-conviction relief. Specifically, Owensby argues that Ohio's post-conviction process is inadequate and does not comport with due process because it does not grant him the right to conduct discovery in order to acquire the evidentiary material needed to support the claims for relief presented in his petition for post-conviction relief.

{¶ 20} We have addressed and rejected the aforementioned argument on numerous occasions. *See, e.g., State v. Taylor*, 2d Dist. Greene Nos. 2000 CA 77, 2000 CA 103, 2001 WL 731986, *2 (June 29, 2001); *State v. Franklin*, 2d Dist. Montgomery No. 19041, 2002-Ohio-2370, ¶ 60-62; *State v. Moreland*, 2d Dist. Montgomery No. 20331, 2004-Ohio-5778, ¶ 33-35; *State v. Gapen*, 2d Dist. Montgomery No. 20454, 2005-Ohio-441, ¶ 58-62.

{¶ 21} It is well established that a non-capital defendant is not entitled to discovery

in post-conviction proceedings. *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 159, 718 N.E.2d 426 (1999); *State v. Buhrman*, 2d Dist. Montgomery No. 19535, 2003-Ohio-1552, ¶ 32; *State v. Ricks*, 2d Dist. Montgomery No. CA 24941, 2012-Ohio-3851, ¶ 14. In so holding, we have explained that:

> State post-conviction review is not a constitutional right. *State v. Kinley* (1999), 136 Ohio App.3d 1, 7, 735 N.E.2d 921, 926, dismissed (2000), 88 Ohio St.3d 1444, 725 N.E.2d 284 (citation omitted). Thus, a petitioner for post-conviction relief receives no more rights than those granted by the post-conviction relief statute, R.C. 2953.21. *Id.*, citing *State v. Calhoun* (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905, 909. Although R.C. 2953.21 does not grant a petitioner the right to conduct discovery, the statute is not unconstitutional because a defendant has no constitutional right to state post-conviction relief generally.

*Taylor* at *2.

{¶ 22} Based on the foregoing authority, Owensby's Second Assignment of Error is overruled.

## Conclusion

{¶ 23} Having overruled all of Owensby's assignments of error, the judgment of the trial court overruling Owensby's petition for post-conviction relief is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Lashon Owensby
Hon. Mary Katherine Huffman