[Cite as *State v. Sellars*, 2021-Ohio-1433.]


# IN THE COURT OF APPEALS OF OHIO
# SECOND APPELLATE DISTRICT
# MONTGOMERY COUNTY


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28860 |
| | : | |
| v. | : | Trial Court Case Nos. 2017-CR-2432/2 & 2017-CR-2573/2 |
| | : | |
| RANDY L. SELLARS, JR. | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |


. . . . . . . . . . .

# O P I N I O N

Rendered on the 23rd day of April, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

L. PATRICK MULLIGAN, Atty. Reg. No. 0016118, 28 North Wilkinson Street, Dayton, Ohio 45401
    Attorney for Defendant-Appellant

. . . . . . . . . . . .


DONOVAN, J.

{¶ 1} Defendant-appellant Randy J. Sellars, Jr., appeals from orders of the Montgomery County Court of Common Pleas which denied his two petitions for post-conviction relief and overruled his motion for the release of grand jury transcripts. Sellars filed a timely notice of appeal on August 4, 2020.

{¶ 2} We set forth the history of this case in *State v. Sellars*, 2d Dist. Montgomery Nos. 28031 & 28032, 2020-Ohio-2853 ("*Sellars I*") and repeat it herein in pertinent part:

On August 1, 2017, the West Carrollton Police Department received a report of a suspicious person trespassing on private property. Responding separately to the address given in the resulting dispatch, Officers Matt Harper and Joseph O'Brien found Sellars asleep inside a barn on the property. When awakened, Sellars gave Officer Harper permission to search through his (Sellars's) belongings. A background check on Sellars revealed that he had outstanding warrants in Montgomery County. He then was handcuffed, read his *Miranda* rights, and placed in the back of Officer Harper's police cruiser, where Harper questioned him briefly.

In the interim, Officer O'Brien contacted Detective Mark Allison to convey the officers' suspicion that items found among Sellars's possessions in the barn might pertain to some burglary cases the department was investigating. Medics also were called due to Sellars's complaints of foot pain from an earlier motorcycle accident. Det. Allison arrived shortly and questioned Sellars. Afterward, medics transported Sellars to a hospital, where he received pain medication for his foot injury but declined to undergo x-rays or other treatment. He left the hospital without being taken into

custody.

On the night of August 4, 2017, Officer Jason Kramer of the Kettering Police Department responded to a dispatch about Sellars's being pursued through a West Kettering neighborhood; Sellars apparently fled from the scene of a burglary. He eventually was apprehended and placed in the back of Officer Kramer's cruiser for transport.

A series of custodial interrogations followed. In the early morning hours of August 5, 2017, Sellars was interviewed at the Moraine Police Department by Detective Sergeant James Myers of the Centerville Police Department and Detective Nathan Burns of the Moraine Police Department. During that recorded interview, Moraine Deputy Chief Jason Neubauer also entered the room and posed questions. At the end of the interview, Sellars agreed to show police the locations of certain items of stolen property.

Sellars thereafter was transported to the Montgomery County jail, where Sergeant Christopher Birch and Officer Jones of the German Township Police Department went to question him on the morning of August 7, 2017. The interview was interrupted because Sellars was required to appear in court. However, Sgt. Birch resumed the interview later that day.

Also on August 7, Detective Sergeant Jon Spencer of the Moraine Police Department conducted a separate interview of Sellars at the jail. Det. Allison of the West Carrollton police re-interviewed Sellars at the jail on August 16, 2017. Finally, on August 21, 2017, Det. Burns and Det. Sgt. Spencer again questioned Sellars at the jail.

Later that month, a Montgomery County grand jury indicted Sellars in Montgomery C.P. No. 2017-CR-2432 on nine counts: one count of burglary (occupied/person present) in violation of R.C. 2911.12(A)(1), a second-degree felony (Count One); one count of burglary (occupied/criminal offense) in violation of R.C. 2911.12(A)(3), a third-degree felony (Count Two); three counts of grand theft (firearm) in violation of R.C. 2913.02(A)(1), third-degree felonies, each with a firearm specification (Counts Three, Four, Five); three counts of having weapons under disability (prior offense of violence) in violation of R.C. 2923.13(A)(2), third-degree felonies (Counts Seven, Eight, Nine); and one count of escape in violation of R.C. 2921.34(A)(1), a second-degree felony (Count Six). Counts Two, Three, Four, Five, Seven, Eight, and Nine related to events alleged to have occurred on July 24 through July 25, 2017; Count One related to events alleged to have occurred on August 1, 2017, and Count Six related to events alleged to have occurred on August 5, 2017.

Sellars filed a motion to suppress evidence in Case No. 2017-CR-2432, arguing that he did not knowingly waive his right against self-incrimination or his right to counsel prior to his various interviews, and that any incriminating statements he made to the police therefore should be suppressed. Following an evidentiary hearing, the trial court denied that motion.

On January 31, 2018, Sellars was indicted on 18 additional counts in Montgomery C.P. No. 2017-CR-2573: one count of receiving stolen

property in violation of R.C. 2913.51(A), a fifth-degree felony (Count One); three counts of breaking and entering (unoccupied structure) in violation of R.C. 2911.13(A), fifth-degree felonies (Counts Two, Five, Fourteen); one count of possessing drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor (Count Three); three counts of grand theft (motor vehicle) in violation of R.C. 2913.02(A)(1), fourth-degree felonies (Counts Four, Six, Seven); three counts of burglary (occupied/criminal offense) in violation of R.C. 2911.12(A)(3), third-degree felonies (Counts Eight, Nine, Seventeen); two counts of having weapons under disability (prior offense of violence) in violation of R.C. 2923.13(A)(2), third-degree felonies (Counts Ten, Eleven); two counts of grand theft (firearm) in violation of R.C. 2913.02(A)(1), third-degree felonies, each with a firearm specification (Counts Twelve, Thirteen); two counts of petty theft in violation of R.C. 2913.02(A)(1), first-degree misdemeanors (Counts Fifteen, Eighteen); and one count of burglary (occupied structure/person present) in violation of R.C. 2911.12(A)(1), a second-degree felony (Count Sixteen). Counts One, Two, and Three related to events alleged to have occurred on August 1, 2017; Count Four related to events alleged to have occurred on July 26, 2017; Counts Five, Six, Seven, and Eight related to events alleged to have occurred on July 31, 2017 through August 1, 2017; Counts Nine, Ten, Eleven, Twelve, and Thirteen related to events alleged to have occurred on July 21, 2017 through July 24, 2017; Counts Fourteen and Fifteen related to events alleged to have occurred on August 5, 2017

through August 6, 2017; and Counts Sixteen, Seventeen, and Eighteen related to events alleged to have occurred on August 5, 2017.

On May 10, 2018, pursuant to a negotiated plea agreement, Sellars entered a plea of no contest to all counts in both cases. During the plea hearing, the trial court stated its understanding that the parties' only agreement regarding the length of Sellars's sentences was "as to a cap essentially of 30 years" (Tr. p. 144); the prosecutor, defense counsel, and Sellars himself affirmed the court's description of the plea agreement. (Id.) Later, the trial court advised Sellars "that the agreement between you and the State is an agreement between you and the State. It is a recommendation to this Court and it is not binding on this Court. Do you understand that?" (*Id.* at p. 164.) Sellars orally affirmed his understanding. Following a colloquy in which the court reviewed with Sellars the charges against him, the possible penalties for those offenses, his constitutional rights, his waiver of those rights, and other relevant considerations, the court accepted Sellars's no contest plea and found him guilty of all charges.

After reviewing the results of a presentence investigation ("PSI"), the trial court entered final judgment in both cases. In Case No. 2017-CR-2432, the court merged Counts Three, Four, and Five, as well as Counts Seven, Eight, and Nine. The court sentenced Sellars to eight years on the Count One burglary offense; 36 months on the Count Two burglary offense; 24 months on the Count Three grand theft offense; four years on the Count Six escape offense; and 24 months on the Count Seven having weapons under

disability offense, all be served consecutively. The court also merged the firearm specifications related to Counts Three, Four, and Five and further sentenced Sellars to one year actual incarceration on a single firearm specification, to be served consecutively for a total * * * sentence of 20 years.

In Case No. 2017-CR-2573, the trial court merged Counts Ten and Eleven, as well as Counts Twelve and Thirteen. The court sentenced Sellars to 12 months on the Count One receiving stolen property offense; 12 months on each of the Count Two, Count Five, and Count Fourteen breaking and entering offenses; 30 days (in Montgomery County jail) on the Count Three drug paraphernalia offense; 12 months on the Count Four grand theft offense; 12 months on each of the Count Six and Count Eighteen grand theft offenses; 90 days (in Montgomery County jail) on the each of the Count Seven and Count Fifteen petty theft offenses; 36 months on each of the Count Eight, Count Nine, and Count Seventeen burglary offenses; 24 months on the Count Ten having weapons under disability offense; 24 months on the Count Twelve grand theft offense; and eight years on the Count Sixteen burglary offense.

The sentences for Counts Five, Eight, Ten, Twelve, Sixteen, and Seventeen were ordered to be served consecutively to one another, but concurrently to the sentences on the other counts in Case No. 2017-CR-2573, for a total of 19 years. The court also imposed a consecutive sentence of one year actual incarceration on the firearm specification to Count

Twelve. The sentences in the two cases were to be served concurrently with each other. Sellars's aggregate sentence for both cases was 20 years. *Sellars I*, 2d Dist. Montgomery Nos. 28031 & 28032, 2020-Ohio-2853, at ¶ 2-14.

{¶ 3} Sellars appealed from his convictions, and we consolidated his cases for purposes of the appeal. On direct appeal, Sellars set forth the following arguments: 1) the trial court erred when it overruled his motion to suppress in Case No. 2017-CR-2432; 2) he received ineffective assistance of counsel; and 3) the trial court failed to sentence him to the statutory minimum based upon mitigating factors that his counsel failed to present. *Sellars I* at ¶ 16. We ultimately affirmed the judgment of the trial court in an opinion issued on May 8, 2020.

**The Instant Appeal**

{¶ 4} While his direct appeal was pending, Sellars filed a petition for post-conviction relief (PCR) in each of his two cases on July 12, 2019. In his petition related to Case No. 2017-CR-2432, Sellars argued that the waiver of his Fifth Amendment rights had been unknowing and involuntary; he also argued that his no contest pleas had not been entered knowingly, intelligently, and voluntarily, because he allegedly relied upon his attorney's representation that he would receive a sentence of less than ten years. In support of his petition, Sellars attached copies of the transcripts from his motion to suppress hearing, plea hearing, and sentencing hearing, as well as his own supporting affidavit. In his petition related to Case No. 2017-CR-2573, Sellars argued that his right to a speedy trial had been violated and that his trial counsel had been ineffective for failing to file a motion to dismiss on speedy trial grounds. Sellars again attached copies of the transcripts from his motion to suppress hearing, plea hearing, and sentencing hearing,

and his own affidavit.

{¶ 5} The State filed a response to each of Sellars's petitions for PCR on July 18, 2019. The State also filed a motion for summary judgment with respect to each of Sellars's petitions on August 6, 2019. On September 27, 2019, Sellars filed a motion for release of the grand jury transcripts in Case Nos. 2017-CR-2432 and 2017-CR-2573.

{¶ 6} On March 11, 2020, the trial court denied both of Sellars's petitions for PCR. On March 16, 2020, the trial court overruled Sellars's motion for release of the grand jury transcripts.

{¶ 7} It is from these orders that Sellars now appeals, raising three assignments of error.

{¶ 8} Sellars's first assignment of error is as follows:

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTIONS

FOR POST-CONVICTION RELIEF WITHOUT CONDUCTING AN

EVIDENTIARY HEARING.

{¶ 9} Sellars contends that the trial court erred when it denied his petitions for PCR without conducting a hearing. Specifically, Sellars argues that he sufficiently substantiated his claims regarding a speedy trial violation in Case No. 2017-CR-2573 and ineffective assistance of counsel in both cases to warrant a hearing. Therefore, he asserts that the trial court was required to conduct a hearing on the petitions for PCR. Sellars also argues that he received ineffective assistance of counsel when his trial counsel advised him that his sentence would be less than ten years, but then he entered into an "open plea [agreement] with a cap of 30 years" and was ultimately sentenced to an aggregate term of 20 years in prison.

**{¶ 10}** R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." The statute further provides that the "petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief." We review trial court decisions on petitions for PCR under an abuse of discretion standard. *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 26060, 2014-Ohio-4602, ¶ 8.

**{¶ 11}** R.C. 2953.21(C) provides:

The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

**{¶ 12}** "A post-conviction proceeding is not an appeal of a criminal conviction, but,

rather, a collateral civil attack on the judgment." *State v. Stefen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *see also State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. To prevail on a petition for PCR, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ 13} The PCR statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson,* 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing. *Gondor* at ¶ 51. A trial court may dismiss a petition for PCR without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶ 51.

{¶ 14} This court reviews alleged instances of ineffective assistance of trial counsel under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases provide that trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 689; *Bradley* at 142. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the

result of the trial court proceeding would have been different. *Bradley* at 142.

{¶ 15} Under the doctrine of res judicata, "any issue that could have been raised on direct appeal," but was not, is "not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. The trial court correctly determined that Sellars's speedy-trial argument was precluded by res judicata. Although ineffective assistance of counsel can constitute a manifest injustice, the particular ineffective assistance Sellars alleges—counsel's failure to seek dismissal on speedy-trial grounds—could have been raised on direct appeal. *See State v. Grimes*, 2d Dist. Montgomery No. 26636, 2017-Ohio-25, ¶ 11. Therefore, res judicata barred him from raising the issue in a petition for PCR. *See id.*, citing *State v. Owens*, 4th Dist. Scioto No. 14CA3641, 2015-Ohio-1509, ¶ 15; *State v. Lofton*, 4th Dist. Pickaway No. 12CA21, 2013-Ohio-1121, ¶ 8 ("We further point out that the ineffective assistance from trial counsel issue and the speedy trial rights issue are matters that could have been raised in a first appeal of right. However, they were not raised and appellant is barred from raising them here by the doctrine of res judicata.").

{¶ 16} We also note that the record establishes that Sellars did not argue in his petitions for PCR before the trial court that counsel was ineffective because Sellars was allegedly promised a sentence of less than ten years. Therefore, Sellars has waived this argument for the purposes of this appeal. *State v. Thomas,* 2d Dist. Darke No. 2013-CA-11, 2014-Ohio-2666; *see State v. Garrett*, 7th Dist. Belmont No. 06 BE 67, 2007-Ohio-7212, ¶ 8 ("the appellate court can only address those arguments presented to the trial court in the original petition; any new arguments cannot be considered for the first time on appeal").

{¶ 17} Even if he had not waived the argument, Sellars's additional claim of ineffective assistance of counsel could and should have been raised in his direct appeal. Significantly, we note that Sellars did argue that he received ineffective assistance of trial counsel in his direct appeal, albeit for different reasons than the arguments advanced in his petitions for PCR. Additionally, Sellars has not produced any additional evidence from outside of the record in support of his claims that he was denied the effective assistance of counsel. All of the supporting materials submitted with his petitions contained information known to him at the time he entered his no contest pleas and prior to his direct appeal. The materials submitted in support of his petitions contained no "newly discovered evidence" upon which to base Sellars's additional ineffective assistance claim. Therefore, we conclude that Sellars's claim was barred by res judicata.

{¶ 18} Sellars's first assignment of error is overruled.

{¶ 19} Sellars's second assignment of error is as follows:

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S REQUEST

FOR GRAND JURY TRANSCRIPT.

{¶ 20} In his second assignment, Sellars argues that the trial court erred when it denied his request for the grand jury transcripts. Specifically, Sellars argued that he required the transcripts of the grand jury proceedings because the transcripts were essential to his petitions for PCR and his claim that his speedy trial right had been violated.

{¶ 21} In light of our disposition of Sellars's first assignment of error, namely that his argument regarding a speedy trial violation was barred by res judicata, any issue with respect to the trial court's denial of his request for the grand jury transcripts is moot.

Simply put, because Sellars's speedy trial argument was barred by res judicata, no issues remain to be litigated regarding the trial court's denial of his access to the grand jury transcripts, as his request for the transcripts was dependent upon the success of his speedy trial argument.

{¶ 22} Sellars's second assignment of error is overruled.

{¶ 23} Sellars's third and final assignment of error is as follows:

THE APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE

OF APPELLATE COUNSEL.

{¶ 24} Sellars contends that he received ineffective assistance of appellate counsel in his direct appeal. Sellars's argument in this regard, however, is not properly before this Court for the first time in an appeal from the denial of a petition for PCR.

{¶ 25} It is well established that claims alleging the ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings and that a petition for post-conviction relief is not the appropriate means by which to raise that issue. *State v. Owensby*, 2d Dist. Montgomery No. 27607, 2018-Ohio-2967, ¶ 12, citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), paragraph one of the syllabus; *State v. Moore*, 10th Dist. Franklin No. 14AP-390, 2015-Ohio-426, ¶ 8; *State v. Isham*, 2d Dist. Montgomery No. 15136, 1995 WL 502255, *3 (Aug. 23, 1995); *State v. Leigh*, 2d Dist. Montgomery No. 18841, 2001 WL 1345961, *1 (Nov. 2, 2001). The proper avenue for relief for such a claim would instead be through an application to reopen under App.R. 26(B), which provides that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court

of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." The record establishes that Sellars had not availed himself of this option.

{¶ 26} Sellars's third assignment of error is overruled.

{¶ 27} All of Sellars's assignments of error having been overruled, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
L. Patrick Mulligan
Hon. Gerald Parker