[Cite as *State v. Alford*, 2021-Ohio-2856.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29003 |
| | : | |
| v. | : | Trial Court Case No. 1983-CR-2225 |
| | : | |
| BRIAN K. ALFORD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of August, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

BRIAN K. ALFORD, Inmate No. A196-744, Toledo Correctional Institution, P.O. Box 80033, Toledo, Ohio 43608
     Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Brian K. Alford, appeals from an order of the Montgomery County Court of Common Pleas denying his petition for post-conviction relief. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In 1984, a jury found Alford guilty of one count of aggravated robbery with a firearm specification and three counts of robbery. Following the jury's verdict, the trial court sentenced Alford to serve 3 to 15 years in prison for each of the robbery counts, 5 to 25 years in prison for the aggravated robbery count, and 3 years in prison for the firearm specification. The trial court ordered all the sentences to be served consecutively. Alford then appealed his conviction.

{¶ 3} In support of his appeal, Alford argued that the trial court erred by: (1) failing to suppress identification evidence; (2) denying his motion to sever his charges for trial; and (3) admitting certain exhibits at trial. This court found no merit to any of Alford's claims and affirmed his conviction. *State v. Alford*, 2d Dist. Montgomery No. 8831, 1985 WL 8726 (June 14, 1985).

{¶ 4} On March 31, 1997, approximately 12 years after this court affirmed his conviction, Alford filed a pro se motion to modify his sentence. The trial court treated the motion as a petition for post-conviction relief and denied it without a hearing. Alford appealed the denial of his motion and this court affirmed the judgment of the trial court. *State v. Alford*, 2d Dist. Montgomery No. 16528, 1998 WL 12651 (Jan. 16, 1998).

{¶ 5} Over the next 23 years, Alford filed several other pro se motions with the trial

court. Relevant to this appeal is Alford's "Petition to Vacate or Set Aside Judgment of Conviction or Sentence," which he filed on November 17, 2020. In his petition, Alford claimed that his trial counsel provided ineffective assistance by failing to object to "impermissibly suggestive" pretrial identification procedures. Alford also claimed that his appellate counsel provided ineffective assistance during his appeal by failing to argue that his trial counsel was ineffective.

{¶ 6} On December 11, 2020, the trial court issued an order and entry denying Alford's petition. Alford now appeals from that order, raising a single assignment of error for review.


**Assignment of Error**

{¶ 7} In his sole assignment of error, Alford contends that the trial court erred by denying his petition for post-conviction relief without issuing findings of fact and conclusions of law. We disagree.

{¶ 8} The trial court "has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for post-conviction relief." (Citations omitted.) *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, 889 N.E.2d 533, ¶ 6. With regard to timeliness, when a direct appeal from a conviction has been taken, a petition for post-conviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2). A trial court lacks jurisdiction to consider an untimely petition for post-conviction relief unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012-CA-33, 2013-Ohio-1921,

¶ 16, citing *State v. Johnson*, 2d Dist. Montgomery No. 24775, 2012-Ohio-2542, ¶ 11. (Other citations omitted.)

**{¶ 9}** "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right." *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 13. "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(b).

**{¶ 10}** In this case, Alford's direct appeal was decided by this court 35 years ago. Alford also previously filed a petition for post-conviction relief in 1997. Therefore, the petition for post-conviction relief at issue in this appeal is both untimely and successive. Alford's untimely, successive petition is not excused under R.C. 2953.23(A) because Alford was not unavoidably prevented from discovering the facts underlying the ineffective assistance claims that he raised in his petition. Alford's petition is also not based on a new federal or state right. Therefore, because Alford's petition is untimely and successive, the trial court lacked jurisdiction to consider the petition and had no duty to issue findings of fact and conclusions of law when denying it. *See Burnside* at ¶ 6.

**{¶ 11}** Since Alford's petition included an argument that his appellate counsel was ineffective, we note that "[i]t is well established that claims alleging the ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings and

that a petition for post-conviction relief is not the appropriate means in which to raise that issue." *State v. Owensby*, 2d Dist. Montgomery No. 27607, 2018-Ohio-2967, ¶ 12, citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), paragraph one of the syllabus. (Other citations omitted.) "Instead, App.R. 26(B) permits a court of appeals to consider ineffective assistance of appellate counsel claims by motion filed within 90 days after journalization of the judgment of the appellate court." *Id.*, citing *State v. Moore*, 10th Dist. Franklin No. 14AP-390, 2015-Ohio-426, ¶ 8.

{¶ 12} For the foregoing reasons, Alford's sole assignment of error is overruled.

**Conclusion**

{¶ 13} Having overruled Alford's assignment of error, the order of the trial court denying Alford's petition for post-conviction relief is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Brian K. Alford
Hon. Gerald Parker